ORDERED UNSEALED on 03/05/2024   s/ judepeters

**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>AARON MATHEW TAYLOR,<br><br>Defendant. | Case No.: '24 MJ0853<br><br>18 U.S.C. § 922(g)(1) –<br>Felon in Possession of Ammunition |

The undersigned complainant being duly sworn states:

COUNT ONE

On or about October 9, 2023, within the Southern District of California, defendant AARON MATHEW TAYLOR, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition that traveled in and affected interstate commerce, to wit: approximately seventy (70) rounds of .45 ACP caliber ammunition and one (1) round of .22 LR ammunition; in violation of Title 18, United States Code, Section 922(g)(1).

_____
Anthony Colon
ATF Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 1st day of March, 2024.

_____
HON. KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all of the information known to myself or other federal agents and state and local officers regarding this investigation, but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On or about October 9, 2023, at approximately 5:27 p.m., a San Diego County Sheriff's Officer ("SDSO") responded to a call for service following a vehicle collision at the intersection of North Magnolia Avenue and Mission Gorge Road in Santee, California, within the Southern District of California. Upon arrival on scene, the officer observed a male, identified by his California driver's license as Aaron Mathew TAYLOR ("TAYLOR"), and a female, identified by as B.C. Both individuals were the involved drivers in the collision. TAYLOR was riding a motorcycle and B.C. was driving a Dodge Durango. Another male was present on scene and was known by other responding deputies as an off-duty SDSO Deputy.

The off-duty deputy informed the responding deputies that he came upon the collision right after it had occurred. Due to the fact that no emergency personnel were on-scene, the off-duty deputy called 911 and assisted TAYLOR with gathering his belongings that were scattered throughout the road. When the off-duty deputy picked up a box, TAYLOR requested that he place the box into the back seat of B.C.'s Durango. While the off-duty deputy spoke to him, TAYLOR advised that he was worried to wait for medical personnel because a repossession company was looking for his motorcycle and that he had .45 ammunition.

Deputies also interviewed B.C., who stated that she told TAYLOR he could put his belongings in her vehicle because they were scattered on the road. B.C. also stated that two men helped TAYLOR place his belongings in her vehicle and gave permission for her Durango to be searched by law enforcement. A search of the Durango revealed a black safe that B.C. confirmed was not hers, that it belonged to TAYLOR.

When a deputy confronted TAYLOR about the safe, TAYLOR stated that he "did not know the code to it," but admitted it was in his belongings. The deputy told TAYLOR that the feel and weight of the safe led him to believe there was a firearm and ammunition inside, to which TAYLOR responded "it's just ammo." The deputy was also able to view the ammunition inside the safe through the hinges. While attempting to view the contents through the hinges, TAYLOR told the deputy that he would tell him the code to the safe. Although TAYLOR stated the safe was not his and that he did not know the code to the lock, he later provided the combination to the deputy.

Upon opening the safe, the deputy discovered approximately seventy (70) rounds of .45 ACP caliber ammunition and approximately one (1) round of .22 LR caliber ammunition, bearing markings from multiple manufacturers including Sig Sauer, Cascade Cartridge, Inc., and Federal.

TAYLOR was later released by the SDSO with a Certificate of Release pursuant to California PC 849 (b) and was transported by medical personnel to the hospital for medical care.

Preliminary records checks revealed that TAYLOR has the following probable criminal history below, though it is possible there may be additional history located after further queries are conducted:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 4/12/2010 | CASC – San Diego | 211 PC - Robbery | 365 days jail; 3 years probation |
| 8/22/2011 | CASC – San Diego | 211 PC – Robbery: First Degree | 2 years prison |
| 10/18/2012 | CASC – San Diego | 21310 PC – Carry Concealed Dirk or Dagger (w/ prior Felony) | 28 months prison |
| 2/6/2014 | CASC – San Diego | 11377(A) HS – Possess Controlled Substance | 16 months prison |

| | | | |
|---|---|---|---|
| 7/14/2015 | CASC- San Diego | 459 PC - Burglary | 32 months prison |

The charged ammunition was seized and inspected. Preliminary checks revealed that the seized ammunition was not manufactured in California. Therefore, the ammunition traveled in, and/or affected interstate commerce to arrive in the state of California.

## REQUEST FOR SEALING

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.